(No. 2497— ▆▆▆▆▆)

WILLIAM NELSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

E. H. WEGENER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges in substance that prior to and on the 31st day of August, A. D. 1934, the claimant resided on a farm known as the Henry Bode farm in Randolph County, Illinois, which adjoins the premises of the Southern Illinois Penitentiary; that on said date a number of convicts from such Penitentiary in charge of a guard, were burning grass and rubbish on the respondent's property, and thereafter returned to the prison without having put out the fire; that said fire afterwards spread and was communicated to a shed on the land occupied by the claimant, in which certain tools were kept, whereby said shed, tools and implements were destroyed, and the claimant seeks an award for the value thereof.

The Attorney General has moved to dismiss the case for the reason that the respondent is not liable under the facts set forth in the complaint.

The report of the Farm Superintendent of the respondent sets up a state of facts which are entirely at variance with the facts set forth in the complaint, but for the purposes of the aforementioned motion, the facts set forth in the complaint will be taken as true.

We have repeatedly held that the State in the conduct and maintenance of its penal institutions is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

The question here involved was presented to this court in the case of *Rocco Titone, et al.* vs. *State,* No. 2473, decided

at the January Term, 1937, of this court. In that case, after a careful and exhaustive consideration of the authorities, we held that the State was not liable for damages caused by a fire which spread as the result of the negligence of the servants and agents of the respondent in the employ of its Highway Department.

Under the decision in the Titone case we have no authority to allow an award.

Motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.